UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

DERRICK L. SUMUEL,

    Petitioner,

vs.

GREG SMITH, et al.,

    Respondents.

Case No. 3:09-CV-00091-LRH-(VPC)

**ORDER**

    Before the court are the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (#7), respondents' answer (#12) and exhibits (#13), and petitioner's traverse (#16). The court finds that petitioner is not entitled to relief, and the court denies the petition.

    Pursuant to a plea agreement, petitioner was convicted in the Eighth Judicial District Court of the State of Nevada of pandering, battery with the intent to commit a crime, and the use of a minor 14 years of age or older in producing pornography. For pandering, petitioner was sentenced to prison for a minimum term of 1 year and a maximum term of 10 years. For battery, petitioner was sentenced to life imprisonment with parole eligibility starting after 2 years. For producing child pornography, petitioner was sentenced to life imprisonment with parole eligibility starting after 5 years. All sentences run concurrently. Ex. 14 (#13). Petitioner did not appeal from the judgment of conviction.

    Petitioner did file a post-conviction habeas corpus petition in the state district court. Ex. 17 (#13). The state district court denied the petition. Ex. 19 (#13). Petitioner appealed, and the Nevada Supreme Court affirmed. Ex. 22 (#13). The federal petition (#7) followed.

Congress has limited the circumstances in which a federal court can grant relief to a petitioner who is in custody pursuant to a judgment of conviction of a state court.

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "By its terms § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in §§ 2254(d)(1) and (d)(2)." Harrington v. Richter, 131 S. Ct. 770, 784 (2011).

> Federal habeas relief may not be granted for claims subject to § 2254(d) unless it is shown that the earlier state court's decision "was contrary to" federal law then clearly established in the holdings of this Court, § 2254(d)(1); Williams v. Taylor, 529 U.S. 362, 412 (2000); or that it "involved an unreasonable application of" such law, § 2254(d)(1); or that it "was based on an unreasonable determination of the facts" in light of the record before the state court, § 2254(d)(2).

Harrington, 131 S. Ct. at 785. "For purposes of § 2254(d)(1), 'an unreasonable application of federal law is different from an incorrect application of federal law.'" Id. (citation omitted). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Id. (citation omitted).

> [E]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations.

Yarborough v. Alvarado, 541 U.S. 652, 664 (2004).

> Under § 2254(d), a habeas court must determine what arguments or theories supported or, as here, could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court.

Harrington, 131 S. Ct. at 786.

> As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in

justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

Id., at 786-87.

Ground 1 is a claim that petitioner received ineffective assistance of counsel. "A petitioner claiming ineffective assistance of counsel must demonstrate (1) that the defense attorney's representation "fell below an objective standard of reasonableness," Strickland v. Washington, 466 U.S. 668, 688 (1984), and (2) that the attorney's deficient performance prejudiced the defendant such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," id. at 694. "[T]here is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one." Id. at 697.

Strickland expressly declines to articulate specific guidelines for attorney performance beyond generalized duties, including the duty of loyalty, the duty to avoid conflicts of interest, the duty to advocate the defendant's cause, and the duty to communicate with the client over the course of the prosecution. 466 U.S. at 688. The Court avoided defining defense counsel's duties so exhaustively as to give rise to a "checklist for judicial evaluation of attorney performance. . . . Any such set of rules would interfere with the constitutionally protected independence of counsel and restrict the wide latitude counsel must have in making tactical decisions." Id. at 688-89.

Review of an attorney's performance must be "highly deferential," and must adopt counsel's perspective at the time of the challenged conduct to avoid the "distorting effects of hindsight." Strickland, 466 U.S. at 689. A reviewing court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Id. (citation omitted).

The Sixth Amendment does not guarantee effective counsel per se, but rather a fair proceeding with a reliable outcome. See Strickland, 466 U.S. at 691-92. See also Jennings v. Woodford, 290 F.3d 1006, 1012 (9th Cir. 2002). Consequently, a demonstration that counsel fell below an objective standard of reasonableness alone is insufficient to warrant a finding of

ineffective assistance. The petitioner must also show that the attorney's sub-par performance prejudiced the defense. Strickland, 466 U.S. at 691-92. There must be a reasonable probability that, but for the attorney's challenged conduct, the result of the proceeding in question would have been different. Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

Petitioner retained two attorneys to represent him. First, he retained David Lee Phillips, whom the state district court later allowed to withdraw. See Ex. 9. Petitioner then retained James Buchanan. Ground 1 contains three parts. In ground 1(a), petitioner claims that he told each attorney that two people, Michael Rigaud and Rocky Hollis, had information about the victim that contradicted her statements to police about her history. Petitioner also claims that he told Buchanan about a notarized affidavit by the victim that recanted her statements to police. See Traverse, Ex. A (#16). However, petitioner claims that neither attorney investigated these people. In ground 1(b), petitioner argues that they attorneys failed to interview personally Rigaud and Hollis. In ground 1(c), petitioner argues that the attorneys failed to interview personally the victim.

On this issue, the Nevada Supreme Court held:

> First, appellant claimed that trial counsel was ineffective for failing to perform an adequate investigation. Specifically, appellant claimed that further investigation would have revealed that the victim was willing to recant her statements to police, and that the victims' former boyfriend was willing to testify that the victim had been a prostitute prior to meeting appellant. Appellant asserted that had his trial counsel been aware of this testimony, trial counsel would not have "inveigled" him to waive his preliminary hearing and accept the plea agreement. Appellant failed to demonstrate that trial counsel's performance was deficient. Review of the record reveals that defense counsel was aware of these facts well before appellant entered his guilty plea. Accordingly, appellant failed to demonstrate a reasonable likelihood that further investigation by counsel would have led appellant to insist on proceeding to trial. Therefore, the district court did not err in denying this claim.

Ex. 22, p. 2 (#13).

There are several reasons why counsel might not have investigated or interviewed the witnesses before petitioner pleaded guilty. Evidence against petitioner was strong. Petitioner attached to his state habeas corpus petition the declaration of the detective who arrested him. Ex. 17 (#13). In a telephone conversation monitored by police, petitioner made incriminating statements to the victim, enough to support the charges of pandering, and the victim's statement supported the other charges. Petitioner waived a preliminary hearing, and thus no other evidence is in the record.

Nonetheless, at the hearing on petitioner's plea of guilty, petitioner's counsel stated that he recommended the plea bargain because the evidence against petitioner was strong, and that if petitioner was convicted, then he would have spent around 15 to 20 years in prison.[1]  Ex. 13, pp. 7-8 (#13).  Counsel's efforts at the start of the proceedings were well placed toward obtaining as favorable a bargain as possible.  If negotiations failed, then counsel still could have tried to interview the defense witnesses and the victim before trial.  At trial, counsel would have been able to cross-examine the victim about her purported recantation.  Finally, investigation and interviews of these witnesses and the victim might not have found anything of value.  Petitioner's defense witnesses, and petitioner himself, were threatening the victim, and the purported recantation appeared to be the product of such threats.  The prosecution succeeded in having petitioner remanded to custody because of those actions.  See Ex. 10 (#13).  The threatening phone calls continued even after petitioner was remanded to custody.  Ex. 13, pp. 6-9 (#13).  Counsel reasonably could have thought that the evidentiary value of the defense witnesses and the recantation were diminished by these activities.  Under these circumstances, the Nevada Supreme Court reasonably applied Strickland.  28 U.S.C. § 2254(d)(1).

Reasonable jurists might find these conclusions to be debatable, and the court will issue a certificate of appealability for this ground.

In Ground 2, petitioner claims that his plea was involuntary and unknowing, because petitioner insisted that Phillips file a motion to withdraw his plea and because Buchanan told petitioner that he would not spend more than 5 years in prison if he accepted the deal.  A defendant's guilty plea must be entered knowingly and voluntarily, and the court record must reflect that fact.  Brady v. United States, 397 U.S. 742, 748 (1970); Boykin v. Alabama, 395 U.S. 238, 242-43 (1969).  Petitioner's claim with respect to Phillips is without merit because Phillips did what petitioner asked.  Petitioner waived his preliminary hearing in the justice court, stating that he would plead guilty.  See Ex. 3 (#13).  Once petitioner was bound over to the state district court, he pleaded

---

[1] The charges in the second amended information, which was the last charging document filed before the plea agreement, confirm counsel's estimate.  See Ex. 11 (#13).

not guilty. See Ex. 4, p. 1 (#13). As for petitioner's claim with respect to Buchanan, the Nevada Supreme Court held:

> We conclude that appellant failed to establish that his plea was entered unknowingly. As stated above, appellant's claims of ineffective assistance of counsel are without merit. Moreover, appellant signed the written guilty plea agreement and informed the district court during the plea canvass that he had read and understood its contents. In the written guilty plea agreement and during the plea canvass, appellant admitted to committing each of the crimes of which he was subsequently convicted. Therefore, the district court did not err in denying this claim.

Ex. 22, pp. 4-5 (#13). Regardless of what Buchanan told petitioner, the written plea agreement informed petitioner what his sentences would be. For battery with intent to commit a crime, "the Court must sentence me to imprisonment in the Nevada Department of Corrections for a minimum term of not less than two (2) years and a maximum term of LIFE with parole." Ex. 12, p. 2 (#13). For producing child pornography, "the Court must sentence me to imprisonment in the Nevada Department of Corrections for LIFE with the possibility of parole after a minimum of five (5) years has been served." Id. Even if petitioner merely glanced over the document, "LIFE" was spelled in capital letters to draw petitioner's eyes to the word. Furthermore, during the plea canvass the court informed petitioner what his sentences would be for those two crimes. Ex. 13, p. 4 (#13). Petitioner could not have received lesser sentences for these crimes. Those were the only sentences that could have been imposed for the crimes. See Nev. Rev. Stat. §§ 200.400(4)(b) (battery with intent to commit crime), 200.750(1) (use of minor in producing pornography) (2005). The Nevada Supreme Court's decision was a reasonable application of clearly-established federal law. 28 U.S.C. § 2254(d)(1).

Reasonable jurists might disagree with this court's conclusions, and the court will issue a certificate of appealability for this ground.

IT IS THEREFORE ORDERED that the petition for a writ of habeas corpus (#7) is **DENIED**. The clerk of the court shall enter judgment accordingly.

///

///

///

///

IT IS FURTHER ORDERED that a certificate of appealability is **GRANTED** on the following issues:

1. Whether the Nevada Supreme Court reasonably applied clearly-established federal law in its determination that counsel did not provide ineffective assistance by not investigating or interviewing two witnesses and the victim before petitioner pleaded guilty; and

2. Whether the Nevada Supreme Court reasonably applied clearly-established federal law in its determination that petitioner pleaded guilty knowingly and voluntarily.

DATED this 22nd day of December, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE